UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>GLORIA COBARRUVIAS-PETE,<br><br>                                    Defendant. | Case No.: 18cr4151-CAB<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. SECTION 3582(c)(1)(A) [Doc. No. 30]** |

On September 17, 2021, Defendant Gloria Cobarruvias-Pete filed a motion to reduce sentence under 18 U.S.C. §3582(c)(1)(A). [Doc. No. 30.] On October 14, 2021, the government filed an opposition to the motion. [Doc. No. 32.] The matter has been fully briefed and the motion is suitable for determination on the papers.

Background

On April 29, 2019, this Court sentenced Defendant to 120 months custody for importation of methamphetamine. [Doc. Nos. 28, 29.] As of October 13, 2021, Defendant has served three years, one month and 17 days of that sentence. [Doc. No. 32-1 at 2.] She is currently incarcerated at FCI Phoenix and is scheduled to be released on March 5, 2027. [Doc. No. 32 at 1-2.]

/ / / / /

/ / / / /

Discussion

A court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant requests early release because of the threat posed by the Covid-19 pandemic and her asthma, high blood pressure, depression and anxiety. As the movant, the defendant bears the burden to establish that she is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020.)

Here, the Defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i) as set forth in the policy statement, primarily because she was fully vaccinated for COVID-19 on April 27, 2021. [Doc. No. 32 at 7.] Courts are consistently refusing to grant release from custody to inmates or detainees who have been vaccinated. *See e.g. United States v. Ochoa-Alapisco*, No. 14-cr-378-ADM-LIB-2, 2021 WL 2322680, at *3 (D. Minn. June 7, 2021) (denying compassionate release because "any risk...has been substantially reduced because [defendant] is likely now fully vaccinated" which "provides him with significant protection against severe illness or death from COVID-19 should he become reinfected"); *United States v. Willis*, No. 3:15-cr-00465-BR, 2021 WL 2179256, *3-4 (D. Or. May 27, 2021) (concluding that federal prisoners who have been fully vaccinated but suffer from chronic medical conditions that would put them at serious risk of severe illness from COVID-19 do not satisfy the extraordinary and compelling standard for compassionate release) (*citing cases*); *United States v. Smith*, No. 2:98-cr-00009-KJM-CKD, 2021 WL 1890770, at *3 (E.D. Cal. May 11, 2021) ("Although no federal court of appeal appears to have considered the question, district courts across the country, including within this Circuit, have held almost uniformly that a defendant's vaccination undercuts any claims of 'extraordinary and compelling reasons' based on a high risk of infection."); *United*

*States v. Kariblghossian*, No. 2:13-cr-00318-CAS-1, 2021 WL 1200181, at *3 (C.D. Cal. Mar. 29, 2021) (finding no extraordinary and compelling reasons for compassionate release where defendant has been fully vaccinated); *United States v. Grummer*, No. 08-cr-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19. Other courts to address the issue have reached similar conclusions."); *United States v. Ballenger*, No. 3:16-cr-5535-BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release.").

Other factors under 18 U.S.C. §3553(a) also do not warrant release. First, defendant has not served a meaningful portion of the sentence ordered by this Court, as she has only served approximately three years of a ten-year sentence. 18 U.S.C. §3553(a). Second, Defendant committed the serious offense of drug trafficking, which offense presents a danger to the public. These factors, combined with the fact that Defendant is fully vaccinated for COVID-19, fail to show "extraordinary and compelling reasons" for compassionate release. 18 U.S.C. §3582(c)(1)(A).

<u>Conclusion</u>

For the reasons set forth above, Defendant's motion to reduce her sentence is **DENIED.**

**IT IS SO ORDERED.**

Dated: October 15, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge